7

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7311 Greenhaven Drive, Suite 100
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

IN THE MATTER OF

EMERSON, RALPH W.

EMERSON, SUZANNE O.

___Debtors_____/

EMERSON, RALPH W.
EMERSON, SUZANNE O.

          Plaintiffs,

v.

EMOVATIONS, INC.

___Defendant_____/

CASE NO. 12-28102-B-13J

ADV. NO: 13-02176-B

**COMPLAINT**

Plaintiffs, Ralph and Suzanne Emerson, by and through their attorney of record, Peter G. Macaluso, allege as follows;

**I. NATURE OF THE CASE**

1.    Plaintiffs bring this action against defendant Emovations, Incorperated (hereafter "Defendant" or "Emovations") under; (1) Declaratory Relief, moving the Court in Objection to Proof of Claim #17, of Emovations, Inc., based on: (i) the  proof of claim has not substantiated properly, (ii) the proof of claim has not been substantiated procedurally, and/or (iii) the proof of

-1-

claim does not support an actual claim for $750,000.00, as owed to Defendant by Plaintiffs.

## II. JURISDICTION AND VENUE

2.    This Court has jurisdiction over this contested matter under 28 U.S.C. 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the Bankruptcy Court.

3.    This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(o).  Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. 157, 1344, 1335, and 1397.

4.    This proceeding arises in and relates to the Chapter 13 bankruptcy case of 12-28102-B-13J, Plaintiffs filed on April 26, 2012.

5.    This Court possesses personal jurisdiction over each Defendant based on each defendant's presence and/or transaction of business and/or contacts within this District.

6.    Venue is proper in this District in that defendant is authorized to do business in California, or at all times relevant herein have regularly conducted business within this District.

## III. PARTIES

7.    Plaintiffs are the debtors in the above listed Chapter 13 case, 12-28102-B-13J.

8.    Emovations is an "Active" "Domestic Corporation", incorporated in "Nevada", beginning November 12, 2010, and had entered an appearance in the underlying chapter 13 case, by and through Robert K. Stephenson, who filed and signed as "Chief

Financial Officer", by filing a proof of claim, claim #17 in the instant Chapter 13 case, #12-28102-B-13J (hereafter "Claim #17").

9.    The proof of claim at issue arises from the underlying bankruptcy case.

## IV.  GENERAL ALLEGATIONS

10.   Plaintiffs re-allege and incorporates by reference paragraphs 1 through 9 as if set forth herein.

11.   Claim #17, as filed, is not based on a writing.

12.   Claim #17 has no writing attached to the proof of claim.

13.   Robert K. Stephenson filed Claim #17.

14.   Robert K. Stephenson testified at the evidentiary hearing, Docket No. PGM-5, as to Emovations' claims.

15.   Robert K. Stephenson's claim was based on the estimated value of the stock prior to the stroke of Plaintiff Ralph W. Emerson, and which said stock was never transferred to Plaintiffs.

16.   Emovations has not provided Plaintiffs with any Stock owned by the corporation.

17.   The Internal Revenue Service ("I.R.S.") filed a tax lien on October 13, 2009 in accordance with I.R.S. Regulation 301.6323(f)-1.

18.   The I.R.S. lien is for the calendar years 1998, 2000, 2001, 2003, and 2004.

19.   The I.R.S. has filed claim #22, which reflects the tax lien.

20.   Defendant was Plaintiffs' Certified Public Accountant within the last ten (10) years.

21.   Defendant did not make/give/transfer or in any manner

make any payment(s) equaling $750.000.00 to Plaintiffs.

22.  Defendant did not loan Plaintiffs $750,000.00.

23.  Defendant does not hold a shareholders agreement with the Plaintiffs.

24.  Defendant has not conducted any Board Meetings.

25.  Defendant has not filed income taxes for calendar year 2010.

26.  Defendant has not filed income taxes for calendar year 2011.

27.  Defendant has not filed income taxes for calendar year 2012.

28.  Defendant has not provided any shareholders a profit and loss statement for any period since inception of the corporation.

**FIRST CAUSE OF ACTION - DECLARATORY RELIEF**

29.  Plaintiffs re-allege and incorporates by reference paragraphs 10 through 28 as set forth herein.

30.  Robert K. Stephenson testified that the $750,000.00 claim was based on his assertion that the value of the "intellectual property" was $1,500,000.00, and that 50% of this is $750,000.00.

31.  Plaintiffs valued the "intellectual property" at $15,000.00.

32.  The I.R.S. valued their tax lien at $25,325.00, claim #22-1.

33.  The actual claim by Emovations Incorporation is $0.00.

**SECOND CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

34.  Plaintiffs incorporate all allegations of this complaint

-4-

1 and re-allege them as though they were fully set forth herein.

2   35.   Defendant's conduct, as alleged above, constitutes
3 intentional infliction of emotional distress.

4   36.   Defendant's conduct was outrageous and purposeful.

5   37.   Plaintiff never owed a claim to Defendant in the amount
6 of $750,000.00.

7   38.   Defendant's Chief Financial Officer wrongly induced
8 Plaintiffs into not concluding the Offer-to-Compromise with the
9 I.R.S. by failing to notice Plaintiffs of the tax situation
10 pending.

11   39.   Defendant has failed to account for income generated
12 since formation of Emovations Incorporated with the intent of
13 harassing Plaintiffs and causing them severe emotional distress.

14   40.   Defendant's conduct was outrageous and purposeful.

15   41.   Defendant's wrongfully induced Plaintiffs into not
16 demanding an accounting for the corporation.

17   42.   Plaintiffs did in fact suffer severe emotional distress
18 in the form of confusion, frustration, fear, anguish, nervousness,
19 helplessness, anxiety, and shock as result of Defendant's conduct.

20                **THIRD CAUSE OF ACTION - FRAUD**

21   43.   Plaintiffs incorporate all allegations of this complaint
22 and re-allege them as though they were fully set forth herein.

23   44.   Defendant's conduct, as alleged above, constitutes actual
24 misrepresentation of material facts.

25   45.   Defendant's conduct and misrepresentation was made with
26 knowledge of the falsity.

27   46.   Defendant's act(s) were made with the intent to induce

28

reliance on these representations.

47.  Defendant has wrongly induced Plaintiffs into justifiable reliance.

**FOURTH CAUSE OF ACTION - VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

48. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

49.  Defendant's conduct, as alleged above, constitutes unlawful, unfair, and fraudulent business practices, as defined in the California Business and Professions Code, section 17200 et seq. As applied, section 17200 et seq. borrows violations from other statutes and laws.

50.  Defendant's entire course of dealing with Plaintiffs and this Court was fraudulent and designed to wrongfully defeat the Plaintiffs' Chapter 13 bankruptcy case and plan.

51. As a result of Defendant's wrongful conduct, Plaintiffs have suffered various Damages and injuries, including the cost of attempting to confirm the underlying Chapter 13 plan, defending a state and adversary lawsuits, and the filing and costs associated with objecting to this warrantless proof of claim.

52. Plaintiffs seek injunctive relief enjoining Defendant from engaging in the unfair business practices described herein and other further relief as the Court may deem just and proper.

//
//
//
//

-6-

**WHEREFORE,** Plaintiffs request that the Court enter judgment in Plaintiffs' favor and against the Defendant for;

**1.** **Declaratory Relief;**

**2.** **Intentional Infliction of Emotional Distress**

**3.** **Violation of Business and Professions Code # 17200**

**4.** **Attorney's fees, litigation expenses and cost of suit;**

**5.** **Such other or further relief as the Court deems proper**

### VERIFICATION

I declare under penalty of perjury that the forgoing statement is true and correct and that this declaration is executed on this 6th day of June, 2013 at Sacramento, California.

/s/ Peter G. Macaluso
Peter G. Macaluso,
Attorney for Plaintiffs

-7-